McCARL, Comptroller General, et al. v. BROCK.

No. 5038.

Court of Appeals of District of Columbia.

Submitted March 5, 1931.
Decided May 4, 1931.

Leo A. Rover, Rebekah S. Greathouse, and H. O. Hoagland, all of Washington, D. C., for appellants.

S. T. Ansell and Burr Tracy Ansell, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District enjoining appellants from interfering with and directing the payment to appellee of $906.67, withheld by appellants from appellee's pay as a naval officer to reimburse the government for alleged overpayments to appellee of dependency allowances.

Three items are involved. $320, allowances paid monthly in 1925–1926 and stopped in 1927. Appellants concede that the decision in McCarl v. Cox, 56 App. D. C. 27, 8 F.(2d)

669, is controlling as to this item; and hence, to that extent, the decree is correct.

■ As to the $360, appellants contend that, because this item of allowances was paid during the period July 1, 1926, to March 31, 1927, and was stopped monthly over the period from April 1, 1927, to June 30, 1927 (in other words, during the same fiscal year), there is no pay stoppage. This amount was actually paid appellee monthly by the disbursing officer as allowances, and was thereafter deducted from his pay. It is of no significance that the deduction occurred in the same fiscal year. The decision in the Cox Case, therefore, is controlling as to this item.

■ The $226.67 item was paid monthly in 1923. On July 11, 1927, the Navy Department wrote appellee, in part as follows: "The Department considers that you should promptly refund the sum of $226.67, the amount disallowed in the accounts of Lieutenant Jones, Supply Corps, by reason of increased allowances paid to you on the ground which you have failed satisfactorily to substantiate and which you have since rejected in favor of a totally different ground. You will endorse hereon, with a prompt return of papers, your intentions relative to refunding the above sum of $226.67, for which sum the department considers for the reasons above stated, you are justly indebted to the Government."

On August 6, 1927, appellee responded, in part as follows:

"My account is now being checked $440 by Lieutenant W. Elliott (SC), U. S. N., on account of the General Accounting Office in certificate No. K–8452–N dated May 18, 1927, * * * and I have not drawn any money since May 31st, excepting subsistence allowance.

"I am willing for checkage to be made, however, I do not acknowledge that I was not entitled to the credit."

Thereupon the Department acted upon the written consent that checkage should be made, and the account was adjusted accordingly.

It was not until about 20 months later that appellee sought the aid of a court of equity to undo what he had in effect consented should be done. We think he waited too long. Such injunctive relief as he seeks is awarded to the diligent, and not to those guilty of unreasonable delay. Had appellee desired to withdraw his consent, he should have done so promptly, instead of waiting until after the Department had adjusted his account in accordance with his consent.

It results that the decree must be modified so as to exclude this item therefrom. As modified, it will be affirmed.

Affirmed, as modified.